IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAWN M. EICHMAN,

                Plaintiff,

v.

KOHN LAW FIRM, S.C.;
MATTHEW RICHBURG, an individual and representative
    of Kohn Law Firm, S.C.;
JOHN DOE, ONE UP, an individual and representative
    of Kohn Law Firm, S.C.; and
JANE DOE, ONE UP, an individual and representative of
    Kohn Law Firm, S.C.;

                Defendants.

ORDER

09-cv-533-slc

---

      Plaintiff Dawn M. Eichman is proceeding *pro se* against defendants Kohn Law Firm, S.C., Matthew Richburg, John Doe, One Up, and Jane Doe, One Up, on a claim under the Federal Fair Debt Collection Practices Act and the Wisconsin Consumer Act.

      On November 2, 2009, plaintiff moved to strike defendants' answer and for default judgment. *See* dkts. 10 and 11. Plaintiff's theory is that it was improper for the answer to be submitted by a lawyer from the defendant Kohn Law Firm who she now asserts is a John Doe defendant in this case; according to plaintiff, defendants are legally obliged to hire an outside lawyer to defend them. This is an unusual theory that has no obvious support in the rules or the case law, but to be fair to plaintiff as a pro se litigant, at the November 4, 2009 telephonic preliminary pretrial conference I gave her until November 23, 2009 to provide support for her claim. *See* dkt. 12 at 3.[1]

---

[1] This court can conjecture facts in which it might question the propriety of an attorney in the Kohn Law Firm representing the named defendants, but this scenario would require every lawyer in the firm to be a witness in this lawsuit, which is an extraordinarily unlikely occurrence; even then, there likely would be exception to the general rule. *See United States v. Marshall*, 75 F.3d 1097, 1106 (7th Cir. 1996); SCR 20:3.7. In any event, even this speculative scenario would not require the court to strike the answer, it would not cause the court to grant default against the defendants, and plaintiff has not provided any indication that this is what she had in mind.

But On November 23, 2009, this court received from plaintiff not a brief in support but a request for an enlargement of time to file her brief. Plaintiff did not say why the allotted time was inadequate, why she needed more time, or how much time she thought she needed. *See* dkt. 14.

Rule 11(b), Federal Rules of Civil Procedure provides that when a party–even a pro se party who does not have a legal education–files a motion, she is certifying that to the best of her knowledge and belief, formed *after* an inquiry reasonable under the circumstance, her motions are warranted by existing law and are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Rule 1 requires this court to administer this rule to secure the just, speedy and inexpensive determination of every action.

I infer that plaintiff had no basis in mind for filing her motions to strike and for default, or that if she had something in mind, she did not perform a reasonable inquiry prior to filing her motions. When I gave plaintiff the opportunity to explain why she thought there was some merit to her motions, she responded with an open-ended and unsupported request for an extension. This approach is not going to work in federal court.

This court handles between 150-200 pro se civil lawsuits every year, so it is familiar with and sensitive to the difficulties that pro se litigants face when navigating their cases through the system. This court will give pro se litigants the benefit of the doubt in most circumstances, but this does not constitute a license for pro se litigants to ignore the rules of procedure or the deadlines set by the court. Plaintiff must reorient her tactics so as to comport more closely with the requirements set forth in this court's preliminary pretrial conference order and the Federal Rules of Civil Procedure.

I am denying plaintiff's motion for an extension and denying her motion to strike defendants' answer. This renders moot her motion for default judgment and obviates the need for a substantive ruling on her motion to dismiss.[2]

---

[2] Which at this early juncture in the case would require the involvement of an Article III judge, *see* 28 U.S.C. 636(b)(1)(A) & (C)(1).

ORDER

IT IS ORDERED that plaintiff's motion to strike defendants' answer, dkt. 10 and for and extension of time, dkt. 14 are denied, and that her motion for default judgment, dkt. 11, can be denied as moot.

Entered this 30th day of November, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge